IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHAD J. FOSTER )
 )
    v. ) NO. 3:05-0516
 )
LIEUTENANT OLIVER FREELY )

TO: Honorable Todd J. Campbell, Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered June 29, 2005 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge for pre-trial proceedings in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The plaintiff filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 against a single defendant, Lt. Oliver Freely. Defendant Freely is a correctional officer at the Metro-Davidson County Detention Facility ("MDCDF"). The plaintiff alleges that Freely used excessive force against him in violation of his constitutional rights.

Defendant Freely filed an answer (Docket Entry No. 9) on August 25, 2005. On August 30, 2005, an order of the Court mailed to the plaintiff at the MDCDF was returned to the Court as undeliverable with the notation that the plaintiff had been released on July 27, 2005. See Docket Entry No. 10. The plaintiff had not filed a change of address notice with the Court. However,

the certificate of service for the answer filed by defendant Freely indicated that the answer was sent to the plaintiff at a free world address.

Accordingly, the Court entered an order September 12, 2005 (Docket Entry No. 11), requiring the plaintiff to file a notice with the Court by September 23, 2005, stating his current address and whether he intends to continue pursuing this action or not. The Court advised the plaintiff of his responsibility to keep both the Court and the opposing party informed of his current mailing address and that his failure to respond to the order would result in a recommendation that this action be dismissed. The order was sent to the plaintiff at both the MDCDF and the free world address listed on the defendant's answer.

The plaintiff has not responded to the order as required. The notice sent to the plaintiff at the MDCDF was returned as undeliverable.

It is well settled that federal trial courts have the inherent power to manage their own dockets, <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626 (1961). Further, an action may be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure upon a showing of a clear record of delay, contemptuous conduct, or failure to prosecute by the plaintiff. <u>Carter v. City of Memphis, Tennessee</u>, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to respond to the order entered September 12, 2005, and failure to keep the Court and the defendant informed of his current address indicates that he has lost interest

2

in prosecuting this action. Dismissal of this action is appropriate under Rule 41(b). The action should be dismissed with prejudice due to the plaintiff's disregard of the Court's order, his lack of interest in the action, the hardship it would cause the defendant to face the prospect of defending a future action based on allegations which he is attempting to defend against in this action, and the needless expenditure of judicial resources caused by the plaintiff's conduct.

### RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge